Case 4:21-cv-02696   Document 1-3   Filed on 08/18/21 in TXSD   Page 1 of 6

Filed
7/30/2021 4:21 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Cavazos


EXHIBIT B

No.   21-DCV-285739

| | | |
|---|---|---|
| **MARTHA RODRIGUEZ GOMEZ** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| **WOODFIELD INC. d/b/a WOOFIELD** | § | |
| **TRUCKING INC. and LANDON D.** | § | |
| **BINGHAM** | § | |
| | § | |
| | § | Fort Bend County - 268th Judicial District Court |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARTHA RODRIGUEZ GOMEZ, Plaintiff in the above entitled and numbered cause, complaining of and against WOODFIELD INC. d/b/a WOODFIELD TRUCKING INC. and LANDON D. BINGHAM, Defendants herein, and for cause of action would respectfully show unto the Court the following:

## I
## DISCOVERY LEVEL

1.1    Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190. Plaintiff affirmatively contends that this matter should not be conducted under Rule 169 for Expedited Actions pursuant to the Texas Rules of Civil Procedure.

## II
## PARTIES

2.1.   Plaintiff, Martha Rodriguez Gomez, is a resident of Fort Bend County, Texas.

2.2.   Defendant, Woodfield Inc. d/b/a Woodfield Trucking Inc. is a corporation doing business in Texas and may be served with process by and through its registered agent: Amy White, 1404 Deepwoods Trail, Leander, Texas 78641 or any place she may be found.

2.3.     Defendant, Landon D. Bingham is an individual residing in Winnsboro, Louisiana and may be served at his residence located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or any place he may be found.

## III
## VENUE

3.1.     Venue is proper in Fort Bend County, Texas, pursuant to Texas Civil Practice & Remedies Code §15.002(a)(1) as Fort Bend County is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

3.2.     This Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## IV
## FACTS

4.1.     On November 6, 2021, Plaintiff Martha Rodriguez Gomez was traveling on or near 13100 State Highway 6 in Arcola, Texas. At the same time, Defendant Landon D. Bingham was also traveling on or near 13100 State Highway 6 behind Plaintiff. Defendant Landon D. Bingham was operating a 2020 385 Peterbilt Tractor Trailer while in the course and scope of his employment with Defendant Woodfield Inc. d/b/a Woodfield Trucking Inc. Without warning, Defendant Landon D. Bingham struck the rear of Plaintiff's vehicle.

4.2.     As a result of the collision, Plaintiff suffered severe injuries that were caused by Defendants. The collision was proximately caused by Defendants' negligence.

## V
## CAUSES OF ACTION

   a.     *Negligence of Defendant Landon D. Bingham*

5.1     At the time of the crash made the basis of this suit, Landon D. Bingham, was operating the aforementioned tractor trailer in a negligent and careless manner in the following respects which,

Copy from re:SearchTX

among others, may be shown at the trial of this cause:

    a. In failing to keep a proper lookout;

    b. In failing to control his speed;

    c. In failing to timely make application of his brakes;

    d. In failing to timely swerve or otherwise maneuver her vehicle so as to avoid the collision made the basis of this suit;

    e. In failing to control the vehicle;

    f. In failing to operate the vehicle in a reasonable and prudent manner;

    g. In failing to operate the vehicle in obedience of traffic laws and regulations;

    h. In violation of the TEX. TRANSP. CODE ANN. §545.401; and,

    i. Driver inattention.

5.2    Each of these acts and/or omissions, singularly or in combination with others, constitutes negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiff.

### b. *Negligence of Defendant Woodfield Inc. d/b/a Woodfield Trucking Inc.*

5.3    At the time of the incident, Landon D. Bingham was operating the tractor trailer in the course and scope of his employment with Woodfield Inc. d/b/a Woodfield Trucking Inc. Woodfield Inc. d/b/a Woodfield Trucking Inc is legally responsible for the negligent conduct Landon D. Bingham under the legal doctrines of respondeat superior, agency and/or ostensible agency because Landon D. Bingham was at all times material hereto an agent, ostensible agent, servant and/or employee of Woodfield Inc. d/b/a Woodfield Trucking Inc. and was acting within the course and scope of such agency or employment. Therefore, Woodfield Inc. d/b/a Woodfield Trucking Inc.is liable for all negligence of Landon D. Bingham.

5.4    Woodfield Inc. d/b/a Woodfield Trucking Inc. was also negligent in its hiring, training, supervision, monitoring and retention of Landon D. Bingham, and such negligence proximately

Copy from re:SearchTX

caused the collision and Plaintiff's injuries and damages.

5.5 Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident, and the injuries sustained by Plaintiff.

## VI
## DAMAGES

6.1. Said elements of damage which Plaintiff seeks to recover damages from Defendants, jointly and severally, which include compensation for the following:

   a. The physical pain and impairment sustained by Plaintiff from date of injury to the time of trial;

   b. Future physical pain and impairment reasonably anticipated to be sustained by Plaintiff in the future;

   c. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

   d. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

   e. Loss of earnings sustained by Plaintiff;

   f. Future loss of earnings Plaintiff may sustain in the future;

   g. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

   h. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

   i. Past and future physical disfigurement; and,

   j. Past and future physical impairment.

6.2. As such, Plaintiff affirmatively pleads that she seeks monetary relief over 250,000.00 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; and a demand for all the other relief to which the party deems herself entitled.

## VII
## RULE 193.7 NOTICE

7.1.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## VIII
## REQUIRED DISCLOSURE

8.1.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12.  Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## IX
## DEMAND FOR JURY TRIAL

9.1.     Plaintiff demands a trial by jury to resolve all fact issues in this case. Plaintiff request that this matter be tried before a jury.

## X
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**THE WEBSTER LAW FIRM**

By: */s/ Christian Tovar*
JASON C. WEBSTER
State Bar No. 24033318
HEIDI O. VICKNAIR
State Bar No. 24046557
OMAR R. CHAWDHARY
State Bar No. 24082807
CHRISTIAN TOVAR
State Bar No. 24118561
6200 Savoy Drive, Suite 150
Houston, Texas  77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@thewebsterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**